UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                        Case No. 2:16-CR-20031

JASON LEE PYLES                                                                         DEFENDANT

## OPINION AND ORDER

The Court has received a report and recommendations (Doc. 76) from Chief United States Magistrate Judge Mark E. Ford on Defendant's motion to vacate (Doc. 46). The Magistrate Judge held a hearing on March 5, 2021, and recommends that Defendant's motion be denied. Defendant argues in his motion to vacate that his prior offenses were insufficient to enhance his sentence under the Armed Career Criminal Act ("ACCA"), and that his trial counsel was deficient for failing to raise this argument. Defendant also filed a supplemental brief (Doc. 54) to his motion to vacate, implicating the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. --, 139 S.Ct. 2191 (2019). Defendant argues that he is actually innocent of the crime of conviction—felon in possession of a firearm—because the Government failed to prove Defendant knew he was a prohibited person, and Defendant argues that his trial counsel was deficient for failing to raise this argument. Defendant filed objections (Doc. 78) to the Magistrate Judge's recommendations with respect to all of his claims. The Government also objected (Doc. 77) to the Magistrate Judge's report and recommendations as it relates to the supplemental brief filed by Defendant, asking the Court to address and rule on Defendant's *Rehaif* argument. The Court has reviewed the report and recommendations de novo with respect to these objections. 28 U.S.C. § 636(b)(1)(C).

First, Defendant maintains that the ACCA enhancement under 18 U.S.C. § 924(e) should not have been applied in his case. He argues that his May 17, 1995 conviction for possession of

1

methamphetamine was not a "serious drug offense" according to the ACCA because the offense only involved .23 mg of methamphetamine, which Defendant states was for his "personal use." The Magistrate Judge correctly recommends denying this claim for relief because it was not raised on direct appeal and cannot be collaterally attacked without a showing of prejudice, or actual innocence. There can be no showing of prejudice or actual innocence here because the Court applies a modified categorical approach when analyzing whether this prior conviction qualifies under the ACCA, and the state court charging document and judgment indicate that Defendant was charged with and convicted of possession of methamphetamine with intent to deliver—the elements of which qualify as a "serious drug offense." *United States v. Meux*, 918 F.3d 589, 591 (8th Cir. 2019).

Defendant's second argument is that his counsel was constitutionally ineffective by failing to raise the aforementioned ACCA argument. Because that argument is without merit, Defendant cannot show prejudice under the *Strickland* test for analyzing ineffective assistance of counsel claims, and the Magistrate Judge correctly recommends this claim be denied as well. *See Davis v. United States*, 673 F.3d 849, 853 (8th Cir. 2012) ("In order to show prejudice, a petitioner must show that there is a reasonable probability that but for the complained-of conduct the result would have been different." (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984))).

The report and recommendation does not address Defendant's *Rehaif* argument directly as if it were a separate claim for relief, and both parties object on this basis. Defendant argues that his sentence should be vacated because the evidence underlying his conviction did not meet the elements clarified by the Supreme Court's decision in *Rehaif*. Defendant argues that the Government did not allege in the indictment or prove that Defendant knew he "belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 588 U.S. --, 139 S.Ct. at

2200. The Government's objection to the Magistrate Judge's report and recommendations requests that the Court rule on this additional argument. As with the ACCA argument, Defendant cannot show prejudice. At the evidentiary hearing, Defendant admitted that he knew he could not possess a firearm because he knew he was a felon.

Defendant's objections also make an argument in passing that he did not have actual knowledge of the firearms that were found under his mattress, and he would not have pled guilty if he knew the Government had to prove actual knowledge. Again, Defendant cannot show prejudice because constructive knowledge of a firearm remains sufficient evidence to support a conviction for being a felon in possession of a firearm. *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) (internal citations and quotations omitted).

After de novo review, the report and recommendations (Doc. 76) is ADOPTED as stated herein.

IT IS THEREFORE ORDERED that Defendant's motion to vacate (Doc. 46) is DENIED. No certificate of appealability shall issue.

IT IS SO ORDERED this 21st day of June, 2021.

/s/ P. K. Holmes,
P.K. HOLMES, III
U.S. DISTRICT JUDGE